## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**BABUBHAI PATEL,**

**Plaintiff,**

RECEIVED
MAILROOM
JUN 16 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

**v.**

C   **Case: 1:26-cv-02110**
**Assigned To : Contreras, Rudolph**
**Assign. Date : 6/16/2026**
**Description: Pro Se Gen. Civ. (F-DECK)**

**EXECUTIVE OFFICE FOR U.S. ATTORNEYS,**

**Defendants.**

_____/

## EMERGENCY WRIT OF MANDAMUS PETITION

**COMES NOW,** Babubhai Patel, proceeding Pro Se Plaintiff, moving this Honorable Court pursuant to 28 U.S.C. 1361, to compel the Executive Office for U.S. Attorneys to perform a duty owed to Foreman to process and produce pertinent prison documents essential to his pending Civil Suit Action, thus, a Writ a Mandamus Petition should be issued based upon the foregoing:

## Statement of Facts

Plaintiff Patel states that in March of 2026, he sent U.S. Certified Mail Return Requested a FOIA Request to FOIA/ PA Section; Executive Office for U.S. Attorneys; 175 N. Street, NE; Ste. 5.400; Washington, D.C. 20530, to date Mr. Patel has received a April 21, 2026, Letter requesting his signature and an agreement to pay the fees if FOIA Request is more than one hundred pages. The initial letter was mailed off to Mr. Patel on April 21, 2026, and was returned back to them no later than April 30, 2026, thus, more than twenty (20) working days have elapsed and his FOIA Request has not been completed, and Mr. Patel has yet to receive the requested FOIA Request to date. Because the Defendants have failed to comply with the 20 business days to fulfill his FOIA Request in accordance with 5 U.S.C. 552 (6) (A) (i), thus, Mr. Patel having no other remedy of law requests that this Court compel the Defendants fulfill his FOIA Request as the law requires them to do in the situation herein (emphasis added).

## Jurisdiction

Consistent with 28 U.S.C. 1361, this Honorable Court has original jurisdiction to an action to compel an officer of the United States or employee or an agency to perform a duty owed to the plaintiff. See LaCedra v. Exec. Office for United States Attys., 317

F.3d 345, 354 U.S. App. D.C. 443 (D.C. Cir. 2003) (the plaintiff filed a Petition for Writ of Mandamus in the District of Columbia asking the court to compel the EOUSA to produce certain information, thus, the D.C. Circuit Court of Appeals held that: "The appellate court reversed the decision of the district court and remanded the matter for additional proceedings.").

## Reasons To Justify Issuance Of Emergency Writ of Mandamus Petition

Plaintiff Patel asserts that in March of 2026, he mailed by U.S. Certified Mail Return Receipt Requested his FOIA Request to: FOIA/ PA Section; 175 N. Street, NE; Ste. 5.400; Washington, D.C., 20530, and Mr. Patel never received a letter acknowledging his FOIA Request and was provided with a Request Number: EOUSA-2026-003202. See Attachment A.

Consistent with 5 U.S.C. 522 (6) (A) (i), the Executive Office for U.S. Attorneys had **20** working days after receipt of FOIA Request whether to comply with such request and provide such FOIA Request to Babubhai Patel, however, to date his FOIA Request has not be fulfilled by Defendants.

(1) the plaintiff has a clear right to relief;

Consistent with 5 U.S.C. 522 (6) (A) (i), the agency that being the Executive Office for U.S. Attorneys had twenty (20) working days

after receipt of FOIA Request whether to comply with such request and shall immediately notify the person making such a request of:

(6)(A) Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall—

(i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person ~~making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination;~~ **making such a request of –**

**(I) such determination and the reasons therefor;**

**(II) the right of such person to seek assistance from the FOIA Public Liaison of the agency; and**

**(III) in the case of an adverse determination –**

**(aa) the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination; and**

**(bb) the right of such person to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of Government Information Services; and**

Mr. Patel states that he has an absolute statutory right to have his Freedom of Information Request fulfilled within a timely fashion and to be notified of their refusal to do so or the denial of such FOIA Request in the case herein.

(2) the defendant has a clear duty to act;

Plaintiff Patel asserts that the Defendant has a clear **DUTY** to act consistent with 5 U.S.C. 552 (6) (A) (i), to process within **20 working**

**days and to receive FOIA Request as it should be noted that no extension of time was requested that will not exceed ten (10) additional days, see 5 U.S.C. 522 (4) (A) (II) (aa).** However, Mr. Patel, argues that over **THREE AND HALF MONTHS** have passed since he filed his FOIA Request yet it has yet to be fulfilled and the Defendants has exceeded allotted by federal statute in which he has a statutory rights in the case herein. See **LeCedra,** 317 F.3d 345, 347 (D.C. Cir. 2003) (The Freedom of Information Act, 5 U.S.C. 552, requires federal agencies to grant "any request for records which... reasonably describes such records," Sec. 552 (a) (3) (A), subject to certain specified exemptions.). The Defendants have a clear duty to act, however, they have refused to fulfill that duty to date and the time has been exceeded in the case herein.

(3) there is no other adequate remedy available to the plaintiff;

Plaintiff Patel contends that he has no other adequate remedy available as 5 U.S.C. 552 (6) (A) (i), outlines a procedure that maybe followed once the agency actually processes the FOIA Request and notifies the person of such result and 5 U.S.C. 552 (a) (4) (B), is utilized once the agency actually processes and notifies the person of the

agency of the Executive Office for U.S. Attorneys documents requested withholding records to Babubhai Patel. See Mack v. Dept. Navy, 259 F. Supp. 2d 99, 109 (D.D.C. 2003) (holding "that the agents, victims, witnesses, subjects of investigations, and third parties identified" in the withheld material had a privacy interest in that material); and Keys v. Depart. of Homeland Security, Civil Case No. 1:07-cv-00456-AK, Doc. # 20 (D.D.C., 2007) (plaintiff Keys requested a FOIA Request from the Secret Service on June 30, 2003, and on July 9, 2003, the Secret Service FOIA/ PA officer acknowledged receipt of Plaintiff's request and begin processing such FOIA Request and at some point, later Mr. Keys filed a civil suit complaint under 5 U.S.C. 552 (a) (4) (B)) (emphasis added).

Plaintiff Patel contends that in the case herein he has no other adequate remedy available to Babubhai Patel as the Defendants refuses to fulfill his pending FOIA Request within twenty working days after no extension has been requested by the Defendants as required under 5 U.S.C. 552 (6) (A) (i), in the case herein. See Thomas v. Holder, 750 F.3d 899, 903, 409 U.S. App. D.C. 403 (D.C. Cir. 2014).

## Relief Sought

**WHEREFORE,** Plaintiff Patel respectfully requests that this Honorable Court **GRANT** his Pro Se Emergency Writ of Mandamus Petition and compel the Executive Office for U.S. Attorneys FOIA/ PA Section to fulfill pending FOIA Request within **14 to 21** working days in the case herein.

Respectfully submitted,

Date: 06 / 11 / 26

Mr. Babubhai Patel

2223 Cameo Court

Canton, MI. 48187